# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**3D ARCHITECTURE & DESIGN, LLC,**

        Plaintiff,

v.                              Case No: 6:25-cv-00834-PGB-DCI

**APIS COR, INC.,**

        Defendant.

_____/

## ORDER

This cause comes before the Court on the following filings:

1. Defendant Apis Cor, Inc.'s ("**Defendant**") Partial Motion to Dismiss Counts II–VII of the Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 21 (the "**Motion to Dismiss Amended Complaint**"));[1] and

2. Defendant's Unopposed Motion for Extension of Time to File Response to Amended Complaint (Doc. 22 (the "**Motion for Extension of Time**")).

Upon consideration, the Motion to Dismiss Amended Complaint is due to be denied, and the Motion for Extension of Time is due to be granted in part and denied in part.

---

[1] The Court does not deem a response to the Motion to Dismiss Amended Complaint necessary.

I.  **BACKGROUND**

Plaintiff initiated this action on May 12, 2025. (Doc. 1 (the "**initial Complaint**")). Shortly thereafter, the Court dismissed the initial Complaint without prejudice for failure to establish complete diversity but allowed repleader to rectify the jurisdictional deficiencies. (Doc. 6). Consequently, on May 22, 2025, Plaintiff filed the operative Amended Complaint. (Doc. 8 (the "**Amended Complaint**")).

On the day of the deadline to respond to the Amended Complaint—June 30, 2025—Defendant filed its Answer and Affirmative Defenses to the initial Complaint. (Doc. 17 (the "**Answer to initial Complaint**")). Later that same day, Defendant filed its first Partial Motion to Dismiss Counts II–VII of the Complaint Pursuant to Rule 12(b)(6). (Doc. 18 (the "**Motion to Dismiss initial Complaint**")).

The next day, on July 1, 2025, Defendant filed an Answer and Affirmative Defenses to the Amended Complaint. (Doc. 20 (the "**Answer to Amended Complaint**")). Shortly thereafter on July 1, 2025, Defendant filed the instant Motion to Dismiss Amended Complaint (Doc. 21)[2] and a Motion for Extension of Time (Doc. 22). In the Motion for Extension of Time, Defendant requests that the Court deem the late responses to the Amended Complaint as timely filed. (Doc. 22). Ultimately, on July 3, 2025, the Court struck the Answer to the initial

---

[2] Collectively, the Answer to Amended Complaint and Motion to Dismiss Amended Complaint may be referred to as the "Responses."

2

Complaint and found the Motion to Dismiss initial Complaint as moot because Plaintiff had filed the operative Amended Complaint. (Doc. 23; *see* Doc. 8).

Given that the Motion for Extension of Time is unopposed and that the Court does not require a response to the Motion to Dismiss Amended Complaint, these matters are ripe for review.

## II.   DISCUSSION

### A.   Motion for Extension of Time

The Court will first address Defendant's Motion for Extension of Time. (Doc. 22). Therein, Defendant indicates that, upon filing its Answer to initial Complaint, Defendant "became aware that an Amended Complaint had been filed" in the action. (*Id.* at p. 2). Thus, Defendant "amended [its] [R]esponses to be responsive to the Amended Complaint." (*Id.*). However, as a result of the oversight, the Answer to Amended Complaint and the Motion to Dismiss Amended Complaint were filed a day late. (*Id.*). Accordingly, in the Motion for Extension of Time, Defendant requests that the Court retroactively provide a one (1) day extension to file both the updated Answer to Amended Complaint and the Motion to Dismiss Amended Complaint. (*Id.*). In essence, given that both Responses were filed past the deadline without leave of Court, Defendant requests that the Court deem both the Answer to Amended Complaint and the Motion to Dismiss Amended Complaint as timely filed. (*Id.*).

Upon consideration of the circumstances, the Court will accept the Answer to Amended Complaint and deem it timely filed. However, for the forthcoming

reasons, the Motion to Dismiss Amended Complaint is due to be denied as untimely.

### B.     Motion to Dismiss Amended Complaint

In the Motion to Dismiss Amended Complaint, Defendant requests that the Court dismiss Counts II–VII for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. 21). Ultimately, Defendant's request to dismiss this case pursuant to Rule 12(b)(6) is untimely.

Simply put, Rule 12(b) requires that motions asserting the defense of failure to state a claim upon which relief can be granted "*must* be made *before* pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b) (emphasis added). Here, Defendant filed its Answer to Amended Complaint *before* moving to dismiss the action pursuant to Rule 12(b)(6) for failure to state a claim. (*See* Docs. 20, 21). Therefore, considering Defendant chose to file its responsive pleading—an answer—first, Defendant waived its right to seek dismissal under Rule 12(b)(6). As such, Defendant's renewed Motion to Dismiss Amended Complaint requesting relief pursuant to Rule 12(b)(6) is procedurally improper and thus, denied. *See, e.g.*, FED. R. CIV. P. 12(b); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002) (noting that by first filing an answer to the complaint, the defendants' Rule 12(b)(6) "motions were a nullity"); *Gallaher v. Deutsche Bank Nat'l Tr. Co.*, No. 18-CV-34-ORL-37TBS, 2018 WL 3758312, at *1 (M.D. Fla. Apr. 19, 2018); *Walker v. Mead*, No. 6:13-CV-1894-ORL-36, 2014 WL 2778162, at *1 (M.D. Fla. June 18, 2014) (collecting cases) ("District Courts in the Eleventh Circuit routinely

4

deny motions to dismiss as moot which are filed simultaneously with or after an answer is filed.").

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Partial Motion to Dismiss Counts II–VII of the Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 21) is **DENIED**.

2. Defendant's Unopposed Motion for Extension of Time to File Response to Amended Complaint (Doc. 22) is **GRANTED IN PART** to the extent that the Court deems Defendant's Answer and Affirmative Defenses (Doc. 20) as timely filed. However, the Motion for Extension of Time (Doc. 22) is **DENIED** in all other respects for the reasons stated herein.

**DONE AND ORDERED** in Orlando, Florida on July 10, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties